IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DONTE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 116-021 |
| | ) |
| WILLIAM McBRIDE, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Defendants filed an unopposed motion to stay discovery, including the deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court, pending resolution of their motion to dismiss. For the reasons set forth below, the Court **GRANTS** the motion to stay. (Doc. no. 10.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Here, Plaintiff does not suggest he cannot properly oppose the motion to dismiss in the absence of discovery. Indeed, the motion to stay is unopposed. See Loc. R. 7.5. Moreover, based on a preliminary peek at Defendants' motion, it has the potential to be dispositive of important aspects of the case. As summarized by Defendants, a favorable ruling on the motion to dismiss "would render discovery entirely unnecessary as it related to Defendant McBride, and limit the range of discovery to focus on just the one remaining claim of excessive force against Defendant Martin in his individual capacity." (Doc. no. 10, p. 6.) When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)).

Thus, the Court **GRANTS** Defendants' motion, (doc. no. 10), and **STAYS** all discovery in this action pending resolution of Defendants' motion to dismiss by the presiding District Judge. The parties shall confer as required by Local Rule 26.1 within seven days of the District Judge's ruling on the motion to dismiss, and within fourteen days of the ruling, they shall submit a joint Rule 26(f) Report.

SO ORDERED this 15th day of June, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA